UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY G. BUNKER,

              Plaintiff,              Case No.
                                       Hon.

vs.

BAVARIAN MOTOR VILLAGE, LTD
d/b/a BMW OF ROCHESTER HILLS,

              Defendant.
_____/

Carol A. Laughbaum (P41711)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com
_____/

# COMPLAINT AND JURY DEMAND

Plaintiff, Timothy G. Bunker, by his attorneys Sterling Attorneys at Law, P.C., for his Complaint against Defendant, submits the following:

## JURISDICTION AND PARTIES

1.    This is an action for age discrimination in violation of the Age Discrimination in Employment Act, 29 USC 621 *et seq.,* and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* arising out of Plaintiff's employment relationship with Defendant.

2.     Plaintiff Timothy G. Bunker ("Plaintiff Bunker" or "Plaintiff") is a citizen of Michigan.

3.     Defendant Bavarian Motor Village LTD d/b/a BMW of Rochester Hills ("Defendant" or "Defendant Bavarian") is incorporated in Michigan and maintains its principal place of business within the Eastern District of Michigan.

4.     The events giving rise to this cause of action occurred within the Eastern District of Michigan.

5.     This Court has subject matter jurisdiction of Plaintiff's federal claims pursuant to 28 USC 1331 (federal question) and 28 USC 1343 (civil rights).

6.     This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

7.     More than sixty (60) days have passed since the date Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission on or about November 8, 2021.

8.     On or about February 24, 2022 the EEOC issued its Notice of Right to Sue.

9.     Jurisdiction and venue of this matter properly lie within this Court.

## BACKGROUND FACTS

10.    Plaintiff Bunker was born July 19, 1960; he is 61.

11.     Defendant Bavarian is or includes a BMW dealership located in Rochester Hills, Michigan where Plaintiff worked for over 36 years.

12.     Most recently, Plaintiff worked for Defendant as shop foreman, master technician and dispatcher.

13.     Throughout his employment with Defendant and its predecessor, Plaintiff performed his job duties in a manner that was satisfactory or better.

14.     In approximately April 2021, the automotive group which included Defendant Bavarian (Eitel Dahm) was sold to another automotive group (Rafih Auto).

15.     Following the sale, Plaintiff was asked how old he was and when he planned to retire.

16.     Two weeks later, Plaintiff was fired.

17.     Subsequently, Defendant hired a substantially younger and less qualified individual to assume Plaintiff's former job duties.

**COUNT I**
*Age Discrimination in violation of the ADEA*

18.     Plaintiff incorporates the preceding paragraphs by reference.

19.     At relevant times, Plaintiff was an employee and Defendant Bavarian was his employer covered by and within the meaning of the Age Discrimination in Employment Act (ADEA), as amended, 29 USC 621, *et seq.*

20.    Defendant's treatment and termination of Plaintiff, as described above, was based upon unlawful consideration of his age.

21.    Defendant was predisposed to discriminate on the basis of age, and acted in accordance with that predisposition.

22.    The actions of Defendant were deliberate and intentional, and engaged in with malice, or with reckless indifference to the rights and sensibilities of Plaintiff.

23.    As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff Bunker, he has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and retirement benefits; losses with respect to social security; physical, mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT II
### Age Discrimination in violation of the ELCRA

24.    Plaintiff incorporates the preceding paragraphs by reference.

25.    At relevant times, Plaintiff was an employee and Defendant was his employer covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

26.    Michigan's Elliott-Larsen Civil Rights Act prohibits discrimination on the basis of age.

27.    Defendant's treatment and termination of Plaintiff, as described above, was based on unlawful consideration of his age.

28.    Defendant was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

29.    Defendant's actions were deliberate and intentional and engaged in with malice, or with reckless indifference to the rights and sensibilities of Plaintiff.

30.    As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, he has suffered injuries and damages, including but not limited to, loss of past, present, and future earnings and earning capacity; loss of the value of fringe and retirement benefits; losses with respect to social security; physical, mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Timothy G. Bunker demands judgment against Defendant as follows:

**A.**  **Legal Relief**

    1.    Compensatory damages in whatever amount he is found to be entitled;

    2.    Exemplary damages in whatever amount he is found to be entitled;

    3.    Liquidated and/or punitive damages in whatever amount he is found to be entitled;

    4.    A judgment for lost wages and benefits in whatever amount he is found to be entitled;

    5.    An award of interest, costs and reasonable attorney fees; and

    6.    Whatever other legal relief appears appropriate at the time of final judgment.

**B.**  **Equitable Relief:**

    1.    An injunction out of this Court prohibiting any further acts of wrong-doing;

    2.    An award of interest, costs and reasonable attorney fees; and

    3.    Whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff Timothy G. Bunker, by his attorneys, Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:   /s/Carol A. Laughbaum             
        Carol A. Laughbaum (P41711)
        Attorneys for Plaintiff
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500

Dated: February 25, 2022