UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY G. BUNKER,

           Plaintiff,

Case No. 2:22-cv-10416

HONORABLE STEPHEN J. MURPHY, III

v.

RAG 5, LIMITED PARTNERSHIP,

           Defendant.
_____/

**OPINION AND ORDER**
**GRANTING MOTION TO COMPEL DISCOVERY [22]**

Plaintiff moved to compel discovery. ECF 22. The parties briefed the motion. ECF 23; 24. The Court will grant the motion for the reasons below.[1]

**BACKGROUND**

Plaintiff alleged Defendant fired him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 and the Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101. ECF 1. After Defendant answered, ECF 13, Plaintiff moved to compel discovery. ECF 22.

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

Three of Plaintiff's discovery requests are at issue: Interrogatory Five, Interrogatory Six, and Request to Produce Sixteen.[2] *Id.* at 79–80. Interrogatory Five requested:

> For each person Defendant has *hired*, April 2021 to present, set forth:
> a. Name and date of birth;
> b. Position and location;
> c. Supervisor;
> d. Decision-maker(s); and
> e. Job history with Defendant or its predecessor, with applicable dates and job titles.

ECF 22-2, PgID 93 (emphasis added). Interrogatory Six requested:

> For each person Defendant has *terminated*, April 2021 to present, set forth:
> a. Name and date of birth;
> b. Position and location;
> c. Supervisor;
> d. Decision-maker(s); and
> e. Job history with Defendant or its predecessor, with applicable dates and job titles.

*Id.* at 94 (emphasis added). Request to Produce Sixteen requested "[t]he complete personnel files of any employees who have assumed any of Plaintiff's job duties." ECF 22-3, PgID 109. Defendant objected to each of the three requests with the same language:

> Defendant objects to [the request] on the basis that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Defendant also objects to this [request] on the basis that it invades the

---

[2] Plaintiff's motion to compel discovery also asked the Court to compel discovery for Request to Produce Fifteen, which sought "[t]he complete personnel file of Chris Paquette," the person who assumed some of Plaintiff's work responsibilities. ECF 22-3, PgID 108. Request to Produce Fifteen was mooted by Defendant's subsequent provision of Paquette's file. ECF 24, PgID 175.

> privacy and seeks information of individuals who are not parties to this litigation or similarly situated to Plaintiff.

ECF 22-2, PgID 93–94; *see id.* at 109.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery." Discovery matters, including compelling the disclosure of documents and interrogatories, "are committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (citations omitted). "The burden . . . rests with the party objecting to the motion to compel to show [that] the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. March 31, 2017) (citations omitted) (omission in original). "Once a party raises an objection to discovery based on relevance, the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action." *Id.* (citations omitted).

Discovery is limited only to relevant matters of the case. Fed. R. Civ. P. 26(b)(1). Relevant matters include any information that is "reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (citation omitted). The Court has broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999).

3

**DISCUSSION**

In short, the information requested in Plaintiff's interrogatories and requests to produce is relevant. The Court will therefore grant Plaintiff's motion to compel discovery.

I. <u>Age Discrimination</u>

The ADEA makes it unlawful for an employer to discharge or discriminate against an individual "with respect to his compensation, terms, conditions, or privileges of employment[] because of [his] age." 29 U.S.C. § 623(a)(1). A plaintiff can prove discrimination under the ADEA either through direct or circumstantial evidence. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citation omitted).

Discovery is limited to employees who are similarly situated to Plaintiff. *See Ercegovich v. Goodyear Tire & Rubber, Co.*, 154 F.3d 344, 353 (6th Cir. 1998) (holding that a plaintiff must show that he is similarly situated to the other employee in "all *relevant* respects"). Employees who have job titles or job responsibilities that differ from Plaintiff's job title or responsibilities are not considered to be similarly situated. *Rutherford v. Britthaven, Inc.*, 452 F. App'x 667, 672 (6th Cir. 2011). At the same time, "differences in . . . job activities . . . do not automatically constitute a meaningful distinction that explains the employer's differential treatment of the two employees." *Ercegovich*, 154 F.3d at 353. Courts must "make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee." *Id.* at 352.

4

II.   Interrogatory Five and Six

The Court will first address Interrogatory Five and Six. After, the Court will address Request to Produce Sixteen.

Interrogatories Five and Six requested basic identification and employment information for each person Defendant hired and fired since April 2021. ECF 22-2, PgID 93–94. Plaintiff contended that the hiring and firing information was relevant because it was evidence of a company-wide policy that led to his termination. ECF 24, PgID 178. And Plaintiff pointed out that "[e]vidence of disparities in an employment unit larger than [a] plaintiff's may be probative in cases where there is a single policy governing the larger unit." ECF 24, PgID 177 (alteration in original) (quoting *Walsh v. Doner Int'l Ltd. Inc.*, 336 F.R.D. 139, 142 (E.D. Mich 2020)). Plaintiff maintained there was evidence of higher-level decision makers participating in the decision to fire him, including Plaintiff's manager Tiffany LeMay and Executive Vice President Zeyad Rafih. *Id.* at 178.

Defendant's answers to Plaintiff's interrogatories claim that Plaintiff's termination was a single, isolated decision made by his immediate superior. ECF 22-2, PgID 90 ("LeMay initiated the discussion and made the decision to re-structure the Shop Foreman position."). But LeMay's decision was approved by corporate executives including Executive Vice President Rafih, General Manager David Wagner, and Vice President Joe Alcodray, all of which suggests Plaintiff's termination was not an isolated decision. *Id.*; *see also Walsh*, 336 F.R.D. at 143 (finding that the CEO's involvement in the process of deciding which employees to

5

terminate suggested that the plaintiff's firing was part of a company-wide policy). The information requested in Interrogatories Five and Six is therefore relevant because it may be probative of a company-wide policy. *See Mims v. Elec. Data Sys.*, 975 F. Supp. 1010, 1018 (E.D. Mich. 1997).

Producing the information requested in Interrogatories Five and Six would not be burdensome because the data Plaintiff seeks is minimal. The interrogatories request only basic identifying information for individuals hired and fired in a roughly one-year period. ECF 22-2, PgID 93–94. And the employment-related information Plaintiff requested is limited to the employee's job history and job title. *Id.* Taken together, Interrogatories Five and Six request limited details about a narrow pool of employees. Producing the information requested in Interrogatories Five and Six therefore would not be burdensome for Defendant.

In sum, Interrogatories Five and Six request information that is relevant and not overly burdensome to produce. Plaintiff's requests were therefore proper, and the Court will grant Plaintiff's motion to compel discovery for Interrogatories Five and Six.

III.    Request to Produce Sixteen

Next, Plaintiff moved to compel Defendant's response to Request to Produce Sixteen, which asked for "[t]he complete personnel files of any employees who have assumed any of Plaintiff's job duties." ECF 22-3, PgID 109. The Court will grant the motion because the employees referenced by Plaintiff are similarly situated to him.

6

Employees who have job titles or job responsibilities that differ from Plaintiff's job title or responsibilities are considered not similarly situated. *Rutherford*, 452 F. App'x at 672. Yet "differences in . . . job activities . . . do not automatically constitute a meaningful distinction that explains the employer's differential treatment of the two employees." *Ercegovich*, 154 F.3d at 353. Courts must "make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee." *Id.* at 352. Defendant argued that the employees at issue were not similarly situated to Plaintiff because the restructuring of Plaintiff's position meant that two of his three roles ceased to exist. ECF 22-2, PgID 90–91. Plaintiff had three roles before he was terminated: (1) shop foreman, (2) dispatcher, and (3) master technician. ECF 22, PgID 79. According to Defendant, the restructuring eliminated two of those three roles. First, the restructuring included the implementation of "electronic dispatch" technology, "which eliminated the need for the Shop Foreman to manually dispatch work to the technicians." ECF 22-2, PgID 90. As a result, "[n]o individual assumed Plaintiff's dispatching duties." *Id.* Second, the restructuring also changed the shop foreman role to include "hourly production" such as "diagnosing cars and working on cars," *id.* at 90, both responsibilities Plaintiff did not have. *Id.* The fact that two of Plaintiff's responsibilities ceased to exist, Defendant argued, suggested that the employees are not similarly situated to Plaintiff.

But because one of Plaintiff's responsibilities remained exactly as it was before the restructuring suggests that the employees who took over that responsibility are

7

similarly situated to Plaintiff. And although responsibilities were allegedly added to the shop foreman role after Plaintiff was terminated, the position may have still remained otherwise unchanged. Again, differences in job activities "do not necessarily constitute a meaningful distinction." *Ercegovich*, 154 F.3d at 353. And Defendant has produced no evidence showing that the new employees lack similar job titles and responsibilities to Plaintiff's old position. *See* ECF 23, PgID 136. Thus, the employees listed in Plaintiff's Request to Produce Sixteen appear similarly situated to him. Defendant must therefore produce "[t]he complete personnel files of any employees who have assumed any of Plaintiff's job duties." ECF 22-3, PgID 109. *See Hulgan v. Otis Elevator Co.*, No. 1:07-cv-262, 2008 WL 11452570, at *3 (E.D. Tenn. July 21, 2008) (ordering the defendant to "produce the personnel files of all individuals who assumed plaintiff's job duties after her termination").

IV. Fees and Costs

Both parties requested that the Court grant them costs and fees associated with briefing the motion to compel. ECF 22, PgID 83; ECF 23, PgID 136–37. The Court will grant costs and fees to neither party under Federal Rule of Civil Procedure 37(a)(5)(A)(i).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court must require the party "whose conduct necessitated the motion" to pay the movant's "reasonable expenses incurred in making the motion, including attorney's fees." But § 37(a)(5)(A)(i) also provides that the Court must not require such payment if "the movant filed the motion before attempting in good faith

8

to obtain the disclosure or discovery without court action." Plaintiff filed the motion to compel before attempting to obtain the requested materials without court action, as evidenced by his failure to seek concurrence from Defendant. The Court's practice guidelines instruct parties to "seek concurrence in all motions before they are filed, by speaking in person or on the telephone with opposing counsel." Plaintiff argued that his counsel's email to Defendant's counsel stating, "I am also hoping to avoid a motion to compel" satisfied the concurrence requirement. ECF 22-4, PgID 115. But counsel's communication was not in person or by telephone, *see* ECF 23, PgID 132–33, so it did not satisfy the Court's practice guidelines. Plaintiff's failure to obtain concurrence thus precludes him from receiving costs and fees.

In sum, because Plaintiff did not attempt to obtain the discovery without court action the Court will not grant him costs or fees. See Fed. R. Civ. P. 37(a)(5)(A)(i). The Court will therefore grant costs and fees to neither party.

V.  Joint Status Report

Last, because the discovery deadline is near, the Court will order the parties to submit a joint status report detailing their progress in discovery, their willingness to participate in alternative dispute resolution, and an anticipated timeline of when they will be prepared to engage in meaningful mediation. The parties must submit their joint status report no later than November 11, 2022.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to compel discovery [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that each party must **BEAR** its own costs and fees related to the motion.

**IT IS FURTHER ORDERED** that the parties must submit the above-described joint status report **no later than November 11, 2022**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
